UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

THOMAS CHRISTOPHER RIGGLE,
            *Defendant-Appellant.*

No. 00-4427

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert Earl Maxwell, Senior District Judge.
(CR-99-4-2)

Submitted: October 26, 2000

Decided: November 6, 2000

Before WIDENER, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

James R. Fox, JORY & SMITH, L.C., Elkins, West Virginia, for
Appellant. Melvin W. Kahle, Jr., United States Attorney, Sherry L.
Muncy, Assistant United States Attorney, Elkins, West Virginia, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Thomas Christopher Riggle pled guilty to distribution of 3.04 grams of methamphetamine in violation of 21 U.S.C.A. § 841(a) (West 1999), and was sentenced to a term of thirty months imprisonment and three years supervised release under § 841(b)(1)(C). On appeal, Riggle contends that the district court clearly erred in denying him a minor role adjustment. *See U.S. Sentencing Guidelines Manual* § 3B1.2 (1998). He also contests the district court's determination that he obstructed justice by participating in threats against his sister just before her testimony to the grand jury. *See* USSG § 3C1.1. We affirm.

Riggle sold methamphetamine for co-defendant Jamie Allen Hoover, a long-time friend. Riggle stipulated in his plea agreement that his relevant conduct was no more than twenty to thirty grams of methamphetamine. In response to Riggle's objection that he had a minor role in the offense, the probation officer indicated that a minor adjustment would be warranted if Riggle's relevant conduct were found to be greater than the amount stipulated to in the plea agreement, but not otherwise. The district court determined that Riggle was not substantially less culpable than Hoover in light of the fact that he sold methamphetamine for Hoover. We cannot say that the district court clearly erred in so finding. *See United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998) (standard of review).

Nor do we find clear error in the adjustment for obstruction of justice. Shortly before Riggle's sister Jennifer was scheduled to testify before the grand jury, Hoover and Riggle followed her car for several miles. When she stopped her car, and asked them what they wanted, Hoover displayed a gun and told her not to testify. Although Riggle told Hoover to stay calm, he also asked his sister not to testify. Jennifer Riggle testified at sentencing that this event frightened her, even though she did not believe Riggle would hurt her. An adjustment may be made under § 3C1.1 for "threatening, intimidating, or otherwise unlawfully influencing . . . a witness, directly or indirectly, or attempting to do so." The adjustment was warranted in this case.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

*AFFIRMED*